In re George A. GARGIULO & Jean T. Gargiulo, Debtors.

MESKER–CLARK, a corporation, Plaintiff,

v.

George A. GARGIULO & Jean T. Gargiulo, Defendants.

Bankruptcy No. 81–00103–BKC–TCB.
Adv. No. 81–0192–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Aug. 13, 1981.

Robert C. Furr, Boca Raton, Fla., for debtors.

Robert P. Barnett, Miami, Fla., for plaintiff.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks a determination that a part of its claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B). The debtors have answered. (C.P. No. 8). The matter was tried on July 21.

Plaintiff manufactures doors and frames. From 1977 to 1980, it regularly sold doors to the debtors' family-owned corporation. There was always an account owed to plaintiff and on December 4, 1979, plaintiff required and the debtors furnished a lien against the corporate assets, a personal guarantee of the corporate debt and a personal financial statement. Thereafter

plaintiff shipped $25,557 worth of goods and received $15,765 in payments, all of which plaintiffs elected to credit toward the corporation's account outstanding at the time the guarantee and the financial statement were given ($26,196).

The financial statement was prepared and is dated August 10, 1979, though furnished to plaintiff four months later with at least the implied representation that it had not changed materially. It reflected a net worth of $27,850. An accurate financial statement would possibly have reflected a negative net worth.

Section 523(a)(2)(B) excepts from discharge any debt for obtaining property by:

"use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; ..."

The debtors omitted a $20,000 contingent liability for a S.B.A. loan to their business which they guaranteed. That loan was approved after the preparation of the statement but before it was furnished plaintiff. However, plaintiff had been given all the S.B.A. loan documents including the guarantee. There was no intent to deceive in this omission, nor did plaintiff reasonably rely on this omission.

The statement lists as assets worth a total of $15,700 an automobile, "other personal property" and "other assets". The items were sold by the wife during the following 12 months for $2,400 while her husband was bed-ridden with a serious illness. These were distress sales not necessarily indicating value and the debtors' basis for assigning the values they gave were reasonable. The values given were not materially false. *Collier on Bankruptcy* (15th ed.) ¶ 523.09[a]. Nor do I find any intent to deceive in connection with these items. The fact that debtors omitted substantial assets from their statement and that they made substantial payments after the statement tend to negate any actual intent to deceive the plaintiff.

Additionally, the record before me does not warrant a finding that plaintiff in fact relied upon this statement in extending additional credit after December 4. It seems clear to me that plaintiff's actual reliance was on the new S.B.A. capital plus its secured status, not the debtors' personal guarantee, the biggest item of which was their residential trailer ($15,000) which is exempt from the claims of creditors under Florida law. Discounting this unreachable asset and adding the $20,000 contingent liability, there was no effective personal guarantee.

Plaintiff has failed to establish its count under § 523(a)(2)(B).

Some nine months after they received the financial statement and they had denied further credit, plaintiff shipped another order worth $4,576 upon the debtors' specific oral representation that this shipment would be paid immediately. Plaintiff relied on this representation and although the debtors received payment from their customer for these goods, payment was never made.

Section 523(a)(2)(A) excepts from discharge any debt for obtaining property by:

"false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ..."

However, it is well-settled that:

"A mere promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach." *Collier on Bankruptcy* (15th ed.) ¶ 523.08[4], n. 17.

There is no basis in the record before me to find that the debtors had no intention of paying at the time their representation was made. There is no misrepresentation here and plaintiff has not supported its count under § 523(a)(2)(A).

It follows that the complaint must be dismissed. As is required by B.R. 921(a), a

separate judgment will be entered to that effect. Costs will be taxed on motion.